Filed 7/9/26  P. v. FigueroaLanza CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DARWIN ANTONIO FIGUEROALANZA,<br><br>Defendant and Appellant. | D087445<br><br><br><br>(Super. Ct. No. FVI24002394) |

APPEAL from a judgment of the Superior Court of San Bernardino County, John Peter Vander Feer, Judge.  Affirmed as modified.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Collette C. Cavalier and Emily Reeves, Deputy Attorneys General, for Plaintiff and Respondent.

## I. INTRODUCTION

A jury convicted Darwin Antonio FigueroaLanza of two counts of assault with a deadly weapon, criminal threats, child abuse, false

imprisonment, and spousal battery. On appeal, FigueroaLanza and the People agree that trial court incorrectly imposed a consecutive subordinate term for the child abuse and a concurrent term for the false imprisonment because those counts were stayed under Penal Code[1] section 654. The parties also agree that the abstract of judgment does not reflect the correct amount of FigueroaLanza's local conduct credits. We therefore exercise our inherent authority to modify the judgment to correct these errors.

FigueroaLanza further contends that section 654 barred punishment for his criminal threats because that offense involved the same course of conduct and objective as the assault counts. We disagree and affirm the judgment as modified.[2]

## II. BACKGROUND

On August 8, 2024, FigueroaLanza and his wife, Samantha Figueroa Valdivia, got into an argument inside their home. Suspecting infidelity, FigueroaLanza pushed and hit Valdivia.

Valdivia attempted to leave with the couple's three-year-old daughter, V. FigueroaLanza went into the bedroom, grabbed a revolver, loaded it, and blocked Valdivia and V. at the front door. FigueroaLanza held the gun at waist level and aimed it towards Valdivia and V. FigueroaLanza stated, " 'I'm going to kill the three of us, and none of us are going to make it out alive.' " Valdivia feared for her and V.'s safety, believing that FigueroaLanza

---

[1] All further undesignated section references are to the Penal Code.

[2] FigueroaLanza also argues that the trial court abused its discretion in imposing a consecutive sentence for the criminal threats, but that claim is forfeited because he failed to object on that ground at sentencing. (*People v. Boyce* (2014) 59 Cal.4th 672, 730–731.)

would carry out his threat. FigueroaLanza abruptly returned to the bedroom, threw the gun on the bed, and the couple continued arguing.

At some point during the altercation, Valdivia called her sister, D.V.[3] D.V. called the police because FigueroaLanza had previously threatened to kill Valdivia and V. D.V. and several other family members went to Valdivia's home, and the police arrived shortly after. Valdivia directed the police to the firearm, which was loaded and operable.

The San Bernardino District Attorney's Office charged FigueroaLanza with two counts of assault with a firearm (§ 245, subd. (a)(2); counts 1–2), child abuse likely to cause great bodily injury or death (§ 273a, subd. (a); count 3), criminal threats (§ 422, subd. (a); count 4), false imprisonment (§ 236; count 5), and spousal battery (§ 243, subd. (e)(1); count 6). In counts 1, 2, 4 and 5, prosecutors alleged appellant personally used a firearm (§ 12022.5, subd. (a)).

The jury convicted FigueroaLanza of all counts, finding true each personal firearm use allegation. The trial court sentenced FigueroaLanza to prison for 10 years. FigueroaLanza's sentence consisted of three years for count 1, plus four years for the firearm enhancement; one year for count 2, plus one year and four months for the firearm enhancement; and eight months for count 4. Pursuant to section 654, the trial court imposed but stayed sentences for count 3, the firearm enhancement attached to count 4, and count 5 and its enhancement. The trial court found section 654 inapplicable to the criminal threats count because it was a separate crime in which FigueroaLanza terrorized Valdivia. The trial court imposed a

---

[3] We identify Valdivia's sister by the sister's initials. (Cal. Rules of Court, rule 8.90(b)(10).)

3

concurrent 233 days, matching FigueroaLanza's actual custody credits, for the misdemeanor domestic battery in count 6. FigueroaLanza appealed.[4]

## III. DISCUSSION

*A.* *Substantial Evidence Supports the Trial Court's Determination That Section 654 Did Not Bar Punishment for the Criminal Threats Count*

FigueroaLanza argues that after sentencing him on the two felony assault charges, section 654 barred the court from imposing additional punishment on the criminal threats charge. He claims the criminal threats offense and the two assault counts were an indivisible transaction pursuant to the single objective of terrifying Valdivia so she would not leave the house.[5] We find the evidence adequately supports the trial court's decision to impose, and not stay, a prison term on the criminal threats conviction.

"Section 654 'generally precludes multiple punishments for a *single physical act* that violates different provisions of law [citation] as well as multiple punishments for an *indivisible course of conduct* that violates more than one criminal statute.' [Citations.] ' "Whether *a course of criminal conduct* is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the *intent and objective* of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." ' [Citation.] 'If, on the other hand, "[the defendant] entertained multiple criminal objectives

---

4    FigueroaLanza's notice of appeal was premature, but we treat it as being filed immediately after rendition of the judgment. (Cal. Rules of Court, rule 8.308(c).)

5    FigueroaLanza acknowledges that section 654 does not bar punishment for both assaults because each involved a different victim. (*In re L.J.* (2021) 72 Cal.App.5th 37, 46.)

which were independent of and not merely incidental to each other, he may be punished for independent violations committed in pursuit of each objective even though the violations shared common acts or were parts of an otherwise indivisible course of conduct." ' " (*In re Raymundo M.* (2020) 52 Cal.App.5th 78, 94, fn. omitted.)

" 'The question whether section 654 is factually applicable to a given series of offenses is for the trial court, and the law gives the trial court broad latitude in making this determination. Its findings on this question must be upheld on appeal if there is any substantial evidence to support them.' [Citation.] We view the evidence favorably to support the judgment and presume every factual finding that could reasonably be deduced from the evidence." (*People v. Roles* (2020) 44 Cal.App.5th 935, 946–947.)

Here, the evidence reflects that FigueroaLanza previously threatened to kill Valdivia and V. Based on his belief that Valdivia had been unfaithful, FigueroaLanza pushed and hit Valdivia, loaded his gun, aimed at Valdivia and V., and stated he would kill Valdivia, V., and then himself. Valdivia believed FigueroaLanza would carry out this threat.

Although a single criminal intent could be inferred under these circumstances, that is not the only potential interpretation of the evidence. The trial court could have reasonably found that during the heated argument, FigueroaLanza pointed the loaded gun at Valdivia and V. with the objective of inflicting physical harm on them. It could have also reasonably found that FigueroaLanza stated he would kill the whole family with the separate objective of inflicting emotional harm on Valdivia. (See, e.g., *In re Raymundo M., supra,* 52 Cal.App.5th at p. 95 [where juvenile chased and lunged towards victim with a knife and stated victim would die, "the court could reasonably have found that [juvenile] committed the assault with the

objective of inflicting *physical* harm on [victim], whereas [juvenile] criminally threatened [victim] with the separate objective of inflicting *mental or emotional* harm. Courts routinely recognize similar distinctions"].)

Consequently, substantial evidence supports the trial court's findings, and we must affirm. (*People v. Mary H.* (2016) 5 Cal.App.5th 246, 261–262 [" 'If " 'there is "substantial evidence," the appellate court must affirm. . . even if the reviewing justices personally would have ruled differently had they presided over the proceedings below, and even if other substantial evidence would have supported a different result.' " ' "].)

## B. *The Abstract of Judgment Must be Amended*

When pronouncing the judgment, the trial court stated it was imposing one year and four months for count 3, which is one-third of the middle term, stayed pursuant to section 654. The abstract of judgment indicates the sentence for count 3 is "1/3 consecutive" and stayed, but the box for "654 stay" is not checked.

On count 5, the trial court stated it would impose a two-year concurrent term, stayed under section 654. The abstract of judgment does not state that count 5 is concurrent. It indicates that count 5 is stayed; however, the box for "654 stay" is not checked.

The parties agree that because the court stayed counts 3 and 5 under section 654, count 3 should not be a consecutive one-third term and count 5 should not be concurrent. (*People v. Duff* (2010) 50 Cal.4th 787, 796; *People v. Cantrell* (2009) 175 Cal.App.4th 1161, 1164.) However, contrary to FigueroaLanza's assertion, remand is not necessary to correct these matters. The trial court clearly intended to impose the midterm for all counts and enhancements, and to stay execution of the sentences in counts 3 and 5 and the enhancement attached to count 5. We will therefore exercise our

6

authority to modify the judgment to correct the unauthorized sentence. (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1473.)

We modify the judgment to impose four years on count 3 (middle term) and two years on count 5 (middle term), both stayed pursuant to section 654. Additionally, although not mentioned by the parties, the trial court erroneously imposed one-third of the middle term on the enhancement attached to count 4. We therefore modify the judgment to impose four years on the firearm enhancement attached to count 4 (middle term), stayed pursuant to section 654. We direct the trial court to amend the abstract of judgment to reflect these modifications, including checking the "654 stay" boxes for counts 3 and 5.

Finally, FigueroaLanza had 34 days of local conduct credits at the time of sentencing, but the abstract of judgment incorrectly lists this amount as 27. We exercise our authority to correct this error as well (*People v. Mitchell* (2001) 26 Cal.4th 181, 185) and direct the trial court to amend the abstract of judgment to state 34 days of local conduct credits.

## IV. DISPOSITION

FigueroaLanza's convictions are affirmed.  We modify the judgment to impose:  a four-year term on count 3, stayed pursuant to section 654; a four-year term on the firearm enhancement attached to count 4, stayed pursuant to section 654; and a two-year term on count 5, stayed pursuant to section 654.  We also modify the judgment to award 34 days of local conduct credits.  The trial court is directed to prepare an amended abstract of judgment to reflect the corrected sentence and send a copy of the amended abstract to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

RUBIN, J.

WE CONCUR:

DO, Acting P. J.

CASTILLO, J.

8